[Cite as *State v. McClafferty*, 2018-Ohio-4659.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2018-P-0013** |
| BRETT M. MCCLAFFERTY, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2017 CR 00775.

Judgment: Reversed and remanded.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellant).

*Sean C. Buchanan*, Slater & Zurz, One Cascade Plaza, Suite 2210, Akron, OH 44308 (For Defendant-Appellee).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, the State of Ohio, appeals suppression of evidence seized during a search. The state maintains that suppression is improper as the evidence was in the officer's plain view while executing a valid warrant. We reverse and remand.

{¶2} Appellee, Brett M. McClafferty, was investigated for three separate incidents. One involves this case. Another involves a fraud complaint surrounding a Bitcoin purchase, and the last, unauthorized use of a credit card.

{¶3} In the present case, appellee was indicted on one count of grand theft and two counts of identity fraud. One identity fraud count pertains to appellee's sister, Erin McClafferty, and alleges that appellee recklessly obtained and used her identity to open a bank account. The other two counts assert that appellee stole $7,500 from Goodfellas Roofing by fraudulently transferring funds from the company's account to the account opened under his sister's name.

{¶4} While these charges were pending, appellee was investigated on an unrelated matter by the City of Streetsboro Police Department due to a complaint from Lisa Belcastro involving fraud in a bitcoin purchase from appellee. A warrant was issued to search appellee's parent's home where appellee resided. The warrant covers a laptop computer and "[e]vidence and property to include confiscated information regarding 'bitcoin' activity and solicitations for 'MAC Capital' and account/client information and deposits of Lisa Belcastro."

{¶5} The warrant was executed by Arvin Clar, a special agent for the Ohio Bureau of Criminal Investigation. Initially, appellee's mother escorted Agent Clar to the basement where he seized appellee's laptop. He next searched appellee's bedroom, where he observed a piece of paper sticking out of a book. Agent Clar opened the book and saw a copy of Erin McClafferty's social security card and a copy of one of her banking statements. Agent Clar seized both items.

{¶6} Appellee's trial counsel learned that the state planned to introduce copies of the social security card and banking statement at trial in the present case. Counsel moved to suppress both on the basis that the search warrant does not cover items belonging to Erin McClafferty. Agent Clar was the sole witness at the suppression hearing. When asked why he seized the two items, he testified that he was aware of yet

2

another unrelated incident involving appellee in which his sister alleged unauthorized use of a credit card: "When I saw the Social Security card of Erin McClafferty, I believed that that was part and parcel of a prior case."

{¶7}  In its judgment granting the motion to suppress, the trial court concluded that neither of the items seized by Agent Clar were covered under the search warrant or in plain view.  The state appeals that decision certifying that suppression renders the state's proof so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

{¶8}  Appellant asserts two assignments of error:

{¶9}  "[1.] As [appellee] presented no evidence in support of his motion to suppress evidence seized pursuant to a warrant, the trial court erred in granting the motion.

{¶10}  "[2.]  Assuming arguendo this court reaches the merits of the trial court's decision, the trial court erred in granting [appellee's] motion to suppress because the challenged evidence was legally seized."

{¶11}  Resolution of the second assignment is dispositive.  Under that assignment, the state argues that the motion to suppress should have been overruled because either the copies of the social security card and banking statement are covered under the search warrant, or they were in Agent Clar's plain view as he was conducting a lawful search. For the following reasons, the evidence was legally seized under the plain view exception to the Fourth Amendment.

{¶12}  In considering the scope of a search executed pursuant to a valid warrant, the United States Supreme Court has stated:

{¶13}  "A lawful search of fixed premises generally extends to the entire area in

3

which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found. A warrant to open a footlocker to search for marihuana would also authorize the opening of packages found inside. * * * When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, * * * must give way to the interest in the prompt and efficient completion of the task at hand." (Footnotes omitted.) *United States v. Ross*, 456 U.S. 798, 820-821, 102 S.Ct. 2157, 72 L.Ed2d 572 (1982).

**{¶14}** Under *Ross*, a police officer executing a search warrant has the authority to open and look inside any container that is large enough to contain an item listed in the warrant. Thus, an officer is permitted to open a box when the warrant authorizes him to look for any amount of illegal drugs. *United States v. McManaman*, N.D.Iowa No. CR10-4024-MWB, 2010 WL 4103530, *10 (Oct. 18, 2010). Similarly, an officer does not need a second warrant to open a safe in a hotel room when the original warrant authorizes him to look for checks, receipts, ledgers, and personal papers. *State v. Brewster*, 157 Ohio App.3d 342, 2004-Ohio-2722, 811 N.E.2d 162, ¶36.

**{¶15}** Here, appellee has not challenged the validity of the search warrant. That warrant authorizes a search for account information in relation to Lisa Belcastro regarding the bitcoin investigation. Given that account information may be found on a single piece of paper located within the pages of a book, Agent Clair was authorized to open the book and look at the papers.

**{¶16}** When an officer finds an object during a valid search not referenced in the

4

warrant, the plain view doctrine applies to whether seizure violates the Fourth Amendment. *See McManaman*, *supra*; *United States v. Evans*, 966 F.2d 398, 400 (8th Cir.1992); *State v. Seibert*, 5th Dist. Tuscarawas No. 2004-AP-060048, 2005-Ohio-275, ¶15. "'An example of the applicability of the "plain view" doctrine is the situation in which the police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character.' *Coolidge v. New Hampshire*, 403 U.S. 443, 465, 91 S.Ct. 2022, 2037-38, 29 L.Ed2d 564 (1970)." *Evans*, at 400.

{¶17} "Under the plain-view exception to the search warrant requirement, police may seize evidence in plain view during a lawful search if (1) the seizing officer is lawfully present at the place from which the evidence can be plainly viewed; (2) the seizing officer has a right of access to the object itself; and (3) the object's incriminating character is immediately apparent. *Horton v. California*, 496 U.S. 128, 136-137 (1990)." *State v. Zerucha*, 11th Dist. Ashtabula No. 2015-A-0031, 2016-Ohio-1300, ¶17.

{¶18} Given that Agent Clar was executing a warrant that allowed him to search for documents or papers regarding bitcoin activity, he was lawfully present in appellee's bedroom and had the right to access the papers in the book. The outcome turns upon whether the incriminating nature of the social security card and the banking statement is immediately apparent.

{¶19} "'Immediately apparent' means that the officer must have had probable cause to believe the item is contraband. *Arizona v. Hicks* (1987), 480 U.S. 321, 326, 107 S.Ct. 1149, 94 L.Ed.2d 347. Probable cause merely requires that the facts available to the officer would warrant a person of reasonable caution in the belief that a certain item may be contraband. A practical probability that incriminating evidence is involved is all

that is required. *Texas v. Brown* (1983), 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502." *Seibert*, 2005-Ohio-275, ¶17.

**{¶20}** In making the probable cause determination, an officer can rely upon his specialized knowledge, training, and experience. *State v. Hakim*, 8th Dist. Cuyahoga No. 105679, 2018-Ohio-492, ¶25, quoting *State v. Halczyszak*, 25 Ohio St.3d 301, 496 N.E.2d 925 (1986), paragraph four of the syllabus.

**{¶21}** As noted above, both papers Agent Clar seized pertain to appellee's sister, Erin. Agent Clar had knowledge of a prior incident in which Erin made allegations involving appellee's unauthorized use of her credit card. Given that the seized papers were found in appellee's bedroom, Agent Clar had a reasonable belief of their incriminating character including, at the very least, identity fraud.

**{¶22}** As all three requirements for the plain view doctrine are satisfied, the seizure was permissible and the trial court erred in granting appellee's motion to suppress. The state's second assignment has merit, and all other arguments raised are moot. *See* App.R. 12(A)(1)(c).

**{¶23}** The judgment of the Portage County Court of Common Pleas is reversed, and this case is remanded for further proceedings consistent with this opinion.

CYNTHIA WESTCOTT RICE, J.

TIMOTHY P. CANNON, J.,

concur.

6